# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN KAISER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV218 |
| | ) | |
| V. | ) | |
| | ) | |
| GALLUP, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Leave to Issue Rule 45 Subpoena and to Compel Plaintiff's Responses to Second Set of Requests for Production. (Filing 36.) Defendant's motion will be granted.

## BACKGROUND

In this employment discrimination action, Plaintiff alleges that Defendant violated the Americans with Disabilities Act of 1990 and the Nebraska Fair Employment Practices Act. (Filing 1.)

During discovery, Defendant learned Plaintiff had communicated with her cousin, Deborah Vaughan ("Ms. Vaughan"), regarding events leading up to and occurring around the time of Plaintiff's termination. Defendant also discovered Plaintiff disclosed to third parties the existence of several communications with Ms. Vaughan, who Plaintiff then claimed was her attorney.[1] These communications occurred, in part, through postings on Plaintiff's Facebook page.

On February 17, 2014, Defendant served a Notice of Intention to Serve Rule 45.1 Records Subpoena on Ms. Vaughan. (Filing 31.) On that date, Defendant also served its

---

[1] Ms. Vaughan represented Plaintiff at a Department of Labor hearing regarding Plaintiff's claim for unemployment benefits. Ms. Vaughan is not Plaintiff's counsel of record in this action.

Second Set of Requests for Production of Documents on Plaintiff. ([Filing 32](#).) The subpoena and document requests seek information regarding communications between Plaintiff and Vaughan relating to (a) events preceding or leading up to Plaintiff's termination, (b) Plaintiff's documentation of her interactions with Defendant, (c) Plaintiff expressing her opinions to Defendant, and (d) Plaintiff not signing termination paperwork presented to her by Defendant. Plaintiff objected to the subpoena and document requests on the basis of attorney-client privilege. Defendant subsequently filed the instant motion, seeking leave to issue the subpoena. Defendant's motion also asks that the Court compel Plaintiff to produce the requested documents.

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. [Fed. R. Civ. P. 26(b)(1)](#). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." [Id](#). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." [Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006)](#) (footnote omitted).

Plaintiff apparently does not dispute the relevance of the requested materials. Rather, Plaintiff maintains that the communications are shielded from discovery by the attorney-client privilege. Defendant maintains that Plaintiff has not demonstrated that the communications at issue were made in the content of an attorney-client relationship and that, even assuming such a relationship existed between Plaintiff and Ms. Vaughan, Plaintiff waived the privilege by disclosing the substance of the communications to third persons.

"[T]he attorney-client privilege attaches when the communication in question is made: '(1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship.'" [Harris v. D. Scott Carruthers & Assoc., No. 8:09CV154, 2010 WL 610978, *2 (D. Neb. Feb. 18, 2010)](#) (quoting [United States v. BDO Seidman, LLP, 492 F.3d 806, 815 (7th Cir. 2007)](#)). "A person opposing production of documents based on privilege or seeking protection for documents that fall

under the attorney-client privilege has the burden of establishing the privilege applies." *Williams v. Herron*, No. 8:09CV201, 2011 WL 555127, *3 (D. Neb. Feb. 8, 2011). Likewise, "a person opposing production bears the burden of establishing a waiver, by disclosure or otherwise, did not occur." *Id*.

Plaintiff has not sustained her burden to show the documents in question are protected by the attorney-client privilege. Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged" the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Plaintiff has not indicated the nature of the withheld documents, nor has she produced a privilege log detailing the documents. Moreover, Plaintiff has not presented any evidence as to the scope of her relationship with Ms. Vaughan or provided any information from which the Court can determine whether the communications were made for purposes of facilitating legal services in the context of a attorney-client relationship.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Leave to Issue Rule 45 Subpoena and to Compel Plaintiff's Responses to Second Set of Requests for Production (filing 36) is granted. Plaintiff shall produce the requested materials within fourteen (14) days of this order.

**DATED July 8, 2014.**

                                               **BY THE COURT:**

                                               S/ F.A. Gossett
                                               **United States Magistrate Judge**