IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN KAISER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV218 |
| | ) | |
| V. | ) | |
| | ) | |
| GALLUP, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Compel (filing 53). For the reasons expressed below, Plaintiff's motion will be granted, in part.

## BACKGROUND

Plaintiff was employed by Defendant as an Outbound Telephone Interviewer for approximately eight years. Plaintiff's employment with Defendant was terminated in June, 2012. At the time of her termination, Plaintiff was a member of Defendant's "Premier Team," a high-performing interviewing team limited to the interviewers with the best technical interviewing skills. As a member of the Premier Team, Plaintiff received benefits and privileges not available to non-Premier Team Members.

Following her termination, Plaintiff filed an administrative charge of discrimination against Defendant with the Lincoln Commission on Human Rights ("LCHR"). Plaintiff alleged she was subjected to different terms and conditions of employment, denied a reasonable accommodation, and terminated based on disability and in retaliation for complaining about discrimination. Plaintiff's claim referenced events taking place between September, 2011 and June, 2012. In the course of responding to the LCHR's investigation, Defendant produced approximately 800 pages of documents. The LCHR's file, which included the documents provided by Defendant, was subsequently produced to both parties in this lawsuit.

Plaintiff filed suit against Defendant in the District Court of Lancaster County, Nebraska on June 13, 2013, alleging discrimination on the basis of disability, retaliation and wrongful termination. (Filing 1.) Defendant removed the action to this Court on July 16, 2013. (*Id*.) To date, and in addition to the documents produced by the LCHR, over 1,600 pages of documents have been produced by Plaintiff, 200 pages of documents have been produced by Defendant, and approximately 1,000 pages of documents were subpoenaed from non-parties and produced by Defendant.

Plaintiff now seeks an order compelling Defendant to respond to multiple Interrogatories and Requests for Production of Documents ("RFP"). These discovery requests include Interrogatory Nos. 4-9 and 11-16,[1] as well as RFP Nos. 19-26,[2] 28, and 43-46.

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Defendant contends that Interrogatory Nos. 4, 7, and 9, and RFP No. 43, which inquire into Plaintiff's work performance, seek irrelevant information because the "quality"

---

[1] Interrogatory No. 16 requests that Defendant identify all knowledge it has regarding leaves taken by Plaintiff for medical reasons during her employment. (Filing 55-3.) Defendant represents that it has produced all documents in its possession regarding leaves taken by Plaintiff. The Court deems Defendant's response to this Interrogatory sufficient.

[2] Defendant has voluntarily produced the documents responsive to RFP No. 19. Therefore, objections to this discovery request will not be addressed in this Order.

of Plaintiff's overall work performance is not at issue in this case.[3] According to Defendant, Plaintiff was terminated for her behavior and attitude, not due to concerns with the quality of her work. The Court disagrees with Defendant's contention that the requests seek entirely irrelevant information. Although the quality of Plaintiff's work performance may not be at issue, responses to these discovery requests could encompass information reflecting upon Plaintiff's overall attitude and behavior in the workplace.

Nevertheless, though these requests seek relevant information, Interrogatory Nos. 7 and 9, as well as RFP No. 43, are overly broad. For starters, the requests are not properly limited in time. Interrogatory No. 9 asks for communications from 2008 through the present, even though Plaintiff's employment was not terminated until 2012, and Plaintiff's Complaint references events which took place between 2011 and 2012. Interrogatory No. 7 extends over an eight-year period. Moreover, Interrogatory Nos. 7 and 9, and RFP No. 43 are so broad that they are virtually impossible to answer thoroughly and completely. For instance, the term "awards" could include both formal and informal praise, as well as documented and undocumented events. Therefore, responding to the request could require countless interviews and extensive document review. Consequently, the Court will not compel responses to Interrogatory Nos. 7 and 9, and RFP No. 43 as presently written.

However, the Court finds that Defendant can sufficiently respond to Interrogatory No. 4 as currently drafted. Defendant should be able to identify known persons supporting its contention that Plaintiff's work performance was unsatisfactory and the facts and documents underlying any such contention. Moreover, if, as Defendant claims, the quality of Plaintiff's work is not at issue, a request for the identification of individuals, facts and documents supporting the contention that Plaintiff's work performance was unsatisfactory due to her behavior in the workplace is sufficiently narrow so as to not be overly burdensome.

---

[3] Interrogatory No. 4 asks Defendant to "set forth all facts and identify all persons and documents" supporting Defendant's contention that Plaintiff's work performance was unsatisfactory. (Filing 55-3.) Interrogatory No. 7 seeks the identification of all awards Plaintiff received during her employment with Defendant. (*Id*.) Interrogatory No. 9 asks Defendant to "describe with specificity all communications with the Plaintiff regarding her job performance." (*Id*.)

Defendant claims that Interrogatory Nos. 5 and 8 are overly broad. These discovery requests seek the identification and description of conversations between individuals over an extended period of time. Interrogatory No. 8 asks that Defendant "describe in detail each conversation the Plaintiff had with any supervisor or manager regarding any issue raised in the Plaintiff's pending complaint." (Filing 55-3.) Similarly, Interrogatory No. 5 requests a description of all known conversations between management level employees and any other person regarding Plaintiff's medical conditions, requests for reasonable accommodation, allegations of retaliation, and allegations of discrimination. (*Id*.) Again, the information sought could be relevant, but there is no way Defendant, a company having thousands of employees, can provide a complete answer. Therefore, the Court will not compel responses to these requests as presently drafted.

Defendant objects to Interrogatory Nos. 6 and 14, as well as RFP Nos. 21-26, 28 and 46, on the basis of relevance, arguing that the requests seek information about current or former employees who are not "similarly situated" to Plaintiff in all material respects. Interrogatory No. 6 and RFP Nos. 21, 22, and 23 seek information from 2008 to 2012 regarding all requests for reasonable accommodation made by any employee who worked at the four facilities where Plaintiff worked. (*Id*.) RFP Nos. 24 and 25 seek documents related to any reports of discrimination, harassment and/or failure to provide reasonable accommodation made by any current or former employee from 2008 to the present at all of Defendant's Nebraska facilities. (Filing 55-4.) RFP No. 26 asks for all personnel files of any current or former employee who made a report or complaint of discrimination, harassment or retaliation at any of Defendant's Nebraska facilities. (*Id*.)

The Court agrees that these requests largely seek irrelevant information. Many of the employees implicated in these requests are not similarly situated to Plaintiff in all relevant respects. *See Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014) (quotation omitted) ("[I]ndividuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances."). Moreover, this case involves Defendant's alleged treatment of Plaintiff. The Complaint does not allege a company-wide pattern of discriminatory conduct. Therefore, discovery requests directed solely at establishing a pattern of discriminatory pattern of behavior are improper. Further, the Court

finds that the requests are overly broad. Defendant represents that since 2008, it has operated at least five facilities in Nebraska, which in turn employed approximately 10,100 individuals. Defendant cannot be expected to comb through thousands of employee files and conduct hundreds of interviews in an effort to identify all complaints of discrimination or retaliation, especially since most of the employees implicated did not share the same supervisor as Plaintiff or have similar work expectations and responsibilities. Defendant will not be compelled to respond to these requests.

Defendant also complains that Interrogatory Nos. 11-14, and RFP Nos. 44-46 seek irrelevant information and are overly broad. These requests generally ask for information about other employees exhibiting certain behaviors in the workplace. For instance, Interrogatory No. 11 seeks the identification of any employee who, from July 1, 2008 to the present, exhibited "negativity," "disruption," or other "inappropriate behavior" in any facility in which Plaintiff worked. (Filing 55-3.) Interrogatory No. 12 goes further, requesting that Defendant describe all facts surrounding the incidents of employee negativity, disruption, and/or inappropriate behavior and to identify all individuals with information regarding any such incident. (*Id*.) Interrogatory No. 13 requests a description of any investigation or disciplinary action taken in conjunction with incidents involving employee negativity and/or inappropriate conduct in the workplace. (*Id*.) Interrogatory No. 14 asks whether any employee who engaged in inappropriate workplace behavior (a) alleged unlawful discrimination or retaliation; (b) had a disability; or (c) requested a reasonable accommodation. (*Id*.)

Again, Plaintiff has failed to properly narrow her discovery requests. The requests are not sufficiently limited in time, nor are they limited to persons working for the same supervisor as Plaintiff or to persons subject to the same expectations in the workplace. The requests seek the identification of perhaps thousands of individuals employed at different facilities over an extended period. In addition to being overly broad, the requests are vague. It is unclear how Plaintiff expects Defendant to measure "negativity" or "inappropriate behavior." Plaintiff made no attempt to narrow the types of offenses for inclusion, such as those offenses necessitating discipline or documentation. Defendant will not be compelled to respond to these requests.

Interrogatory No. 15 asks Defendant to describe all job-related benefits Plaintiff utilized from 2005 through 2012, including the monetary value associated with each benefit. (*Id*.) Given the time line involved in this suit, this request is overly broad. The Court will limit this Interrogatory to job-related benefits in effect at the time of Plaintiff's termination. Defendant shall provide a response accordingly.

RFP No. 20 seeks Defendant's tax returns for the years 2012 through the present. (Filing 55-4.) Although Defendant contests the breadth of this request, Defendant seemingly recognizes that its tax returns are, to some degree, relevant. However, due to confidentiality concerns, Defendant requests that the Court only require production of tax returns in the event that its anticipated motion for summary judgment is denied. Given the sensitive nature of this information, the Court finds that such an approach is reasonable. Therefore, Defendant will not be ordered to produce returns at this time. Following a ruling on Defendant's motion for summary judgment, Defendant shall, if necessary, file an appropriate motion requesting that the scope of RFP No. 20 be limited. Defendant shall do so within fourteen days of a ruling on the motion for summary judgment. Failure to do so may result in an order compelling production of the tax returns as requested in RFP No. 20.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel (filing 53) is granted, in part, as set forth above. Defendant shall supplement its discovery responses as required herein within fourteen (14) days of this Order.

**DATED December 11, 2014.**

                                        **BY THE COURT:**

                                        S/ F.A. Gossett
                                        **United States Magistrate Judge**