IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN KAISER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV218 |
| | ) | |
| V. | ) | |
| | ) | |
| GALLUP, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Protective Order (filing 95). For the reasons explained below, Defendant's motion will be granted, in part.

**BACKGROUND**

Plaintiff filed suit against Defendant in the District Court of Lancaster County, Nebraska on June 13, 2013, alleging discrimination on the basis of disability, retaliation and wrongful termination. (Filing 1.) Defendant removed the action to this Court on July 16, 2013. (*Id*.)

On December 11, 2014, the Court entered an order on a motion to compel filed by Plaintiff. (Filing 86.) Plaintiff's motion was granted, but only in part, as the Court found that several of Plaintiff's discovery requests were overly broad and sought irrelevant information. The Court determined that many of Defendant's employees implicated by the requests were not similarly situated to Plaintiff. In particular, the Court noted that the requests were not limited to employees working for the same supervisor as Plaintiff or to persons subject to the same expectations in the workplace.

Defendant requests that Plaintiff's Third Amended Notice of Rule 30(b)(6) Deposition ("Amended Notice") be limited on the grounds that it seeks irrelevant information and places an undue burden on Defendant. Primarily, Defendant contends that the topics of inquiry should only extend to Defendant's employees who, like Plaintiff, were members of

Defendant's "Premier Team," a high-performing interviewing team limited to the interviewers with the best interviewing skills.

## DISCUSSION

This Court has previously determined that the scope of discovery should be limited to employees who were similarly situated to Plaintiff in all relevant respects. Based on the information before it, the Court finds that the individuals included in this group are members of Defendant's "Premier Team." These employees were subject to the same job standards and expectations as Plaintiff. *See [Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014)](#) (quotation omitted) ("[I]ndividuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.") The topics set forth in the Amended Notice largely resemble the discovery requests that were the subject of the earlier motion to compel. Like the earlier discovery requests, the topics outlined in the Amended Notice encompass irrelevant information and are unduly burdensome. Defendant cannot be expected to sift through hundreds of files belonging to employees who were not similarly situated to Plaintiff in an effort to identify all complaints of discrimination. Therefore, the Court will limit the scope of Plaintiff's Amended Notice to Premier Team members, in the manner set forth below.

Defendant also requests that the Court limit the time period set forth in the Amended Notice. Finding the time frame as defined by Plaintiff reasonable, the Court declines to do so.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Protective Order ([filing 95](#)) is granted, in part. Plaintiff's Amended Notice is limited as follows:

> Paragraph 1. For the time period of July 1, 2011 through July 1, 2014, the identity of each current or former Premier Team member who exhibited any of the following behavior in the workplace which

    resulted in some type of documented disciplinary action:

    a. Negativity;
    b. Disturbing the workplace;
    c. Inappropriate behavior;
    d. Communicated negative comments;
    e. Engaged in negative conduct.

    Limited to Defendant's Greentree and Edgewood locations.

Paragraph 2. For each Premier Team member noted in response to Paragraph No. 1 above, the non-privileged circumstances and facts regarding each incident in which the Premier Team member was involved as well as the name(s) of the supervisor(s) who participated in each disciplinary meeting as a warning supervisor or as a witness.

Paragraph 3. For each incident noted in response to Paragraph No. 1 above, describe any investigations undertaken and disciplinary action imposed, and identify all current or former employees and/or persons who participated in such action(s).

Paragraph 4. For each Premier Team member identified in response to Paragraph 1 above, state the following:

    a. Whether the Premier Team member alleged unlawful disability discrimination or retaliation in the workplace;

    b. Whether the Premier Team member requested reasonable accommodation in the workplace.

Plaintiff is prohibited from inquiring into information protected by the attorney-client privilege and/or work product doctrine.

**DATED February 10, 2015.**

          **BY THE COURT:**

          **S/ F.A. Gossett**
          **United States Magistrate Judge**