IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SUSAN KAISER,** | ) | **CASE NO. 8:13CV218** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **GALLUP, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Statement of Objections (Filing No. 107) submitted by Plaintiff Susan Kaiser ("Kaiser"), in which she objects to Magistrate Judge F.A. Gossett's Order of February 10, 2015 (Filing No. 105), granting in part a Motion for Protective Order (Filing No. 95) submitted by Defendant Gallup, Inc. ("Gallup").

In essence, Judge Gossett limited the scope of Kaiser's Third Amended Notice of Rule 30(b)(6) Deposition (Filing No. 94) to inquiries about Gallup employees who were similarly situated to Kaiser in all relevant respects, *i.e.*, members of Gallup's "Premier Team," a high-performing interviewing team of which Kaiser was a member. Judge Gossett's Order was consistent with his earlier ruling (Filing No. 86, at 4-5) on Kaiser's Motion to Compel (Filing No. 53), limiting Kaiser to discovery that is likely to yield relevant information and is not unduly burdensome to Gallup.

Kaiser argues that her discovery should not be limited to inquiries about Gallup employees who were similarly situated to her in all relevant respects, even though she acknowledges the information she seeks may not be admissible in evidence to demonstrate that Gallup's proffered reason for her termination was pretext for unlawful discrimination. She asserts that discovery involving Gallup employees who were not similarly situated to her in all relevant respects should be permitted because the

information she seeks *may* be admissible in evidence to support her initial *prima facie* case of discrimination. She notes that courts apply a less rigorous test to determine the relevance of evidence presented in support of a plaintiff's initial *prima facie* case than is applied at the pretext stage of analysis.

On a non-dispositive matter such as this, the Court will modify or set aside any part of a magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court has considered Kaiser's Statement of Objections (Filing No. 107) and her earlier Brief in Opposition to Defendant's Motion for Protective Order (Filing No. 100) as well as the evidence she filed in support of that brief (Filing No. 98), and concludes that Magistrate Judge Gossett's Order is neither clearly erroneous nor contrary to law.

Fed. R. Civ. P. 26(b)(2)(C)(iii) *requires* a court to limit the extent of discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of the discovery in resolving the issues." In the context of employment practice litigation, discovery must be limited to the practices at issue in the case. *See Sallis v. Univ. of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005).

Kaiser has presented claims alleging discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2012) ("ADA"), retaliation stemming from her assertion of rights under the ADA, and wrongful termination. Unlike the elements of a *prima facie* case for an action alleging discrimination under Title VII of the Civil Rights Act of 1964[1], the elements of a *prima facie* case of discrimination or retaliation under the ADA

---

[1] To establish a *prima facie* case of discrimination under Title VII, a plaintiff must prove "that she (1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of the protected class." *Wilkie v.*

do not include any showing of treatment different from similarly situated persons outside the protected class.

"The three elements of [a] prima facie case [under the ADA] are (1) that the plaintiff has 'a disability within the meaning of the ADA;' (2) that he is qualified 'to perform the essential functions of the job, with or without reasonable accommodation;' and (3) that he suffered 'an adverse employment action due to a disability.'" *Chalfant v. Titan Distribution, Inc.*, 475 F.3d 982, 988 (8th Cir. 2007) (quoting *Wenzel v. Mo.–Am. Water Co.*, 404 F.3d 1038, 1040 (8th Cir. 2005).

"To establish a prima facie case of ADA retaliation, [a plaintiff] must show that she engaged in protected activity based on a reasonable good faith belief that an agent of the employer was engaging in disability discrimination, and suffered an adverse employment action causally linked to that protected conduct." *Lenzen v. Workers Comp. Reinsurance Ass'n*, 705 F.3d 816, 821 (8th Cir. 2013).

The factual contentions in Kaiser's Complaint (Filing No. 1-1), demonstrate that she and her counsel have evidence to satisfy the elements of her *prima facie* cases for discrimination and retaliation under the ADA.[2] The Defendant's pending Motion for

---

*Dep't of Health and Human Servs.*, 638 F.3d 944, 954-55 (8th Cir. 2011) (citing *Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir. 2005)). To establish a *prima facie* case of retaliation under Title VII, a plaintiff need only show that: "'(1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two.'" *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 880 (8th Cir. 2014) (citation omitted).

[2] "By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, ***if specifically so identified***, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)

Summary Judgment, and/or the trial in this matter, will likely turn on questions of the legitimacy of Gallup's proffered reasons for its actions, and whether Kaiser can demonstrate that such reasons are pretext for unlawful discrimination or retaliation.

Because Magistrate Gossett's Order setting certain limits on discovery (Filing No. 105) was neither clearly erroneous nor contrary to law,

IT IS ORDERED:

1. Plaintiff Susan Kaiser's Statement of Objections to Magistrate Judge's Order and Certificate of Service (Filing No. 107) is denied;

2. The stay (Filing No. 108) of Defendant's Motion for Summary Judgment is lifted; and

3. Plaintiff Susan Kaiser will submit her brief and any evidence in response to Defendant's Motion for Summary Judgment (Filing No. 102) on or before March 23, 2015.

DATED this 5th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

(emphasis added).